FILED

JUL 3 0 2009

CLERK, U.S. DISTRICT COURT

By _____
        Deputy

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| TODD W. HUTTON and<br>TAMMY D. HUTTON<br><br>    Plaintiffs<br><br>v.<br><br>SHAMROCK RIDGE HOMEOWNERS<br>ASSOCIATION, PATRICK BRINEY,<br>JEN LOPEZ, JIM LAMBRIGHT,<br>SBB MANAGEMENT COMPANY,<br>ROSEWOOD CORPORATION,<br>CARLA MILLIGAN, JEFFREY<br>JOHNSTON, WINNERS CIRCLE<br>HOMEOWNERS ASSOCIATION, and<br>JOHN and JANE DOES 1-20 | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**3-09CV1413-0**

CIVIL ACTION NO. _____

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendants Shamrock Ridge Homeowners Association ("Shamrock Ridge HOA"), Patrick Briney ("Briney"), Jen Lopez ("Lopez"), Jim Lambright ("Lambright"), and SBB Management Company ("SBB") file this notice of removal. As grounds for removal, Defendants state the following:

### The Removing Parties are Defendants in a State Court Civil Action.

1.      Shamrock Ridge HOA, Briney, Lopez, Lambright, and SBB Management Company (collectively, "These Defendants") are defendants in a civil action pending in the 86th District Court of the State of Texas, County of Kaufman, entitled *Todd W. Hutton and Tammy D. Hutton, Plaintiffs, v. Shamrock Ridge Homeowners Association, Patrick Briney, Jen Lopez, Jim Lambright, SBB Management Company, Rosewood Corporation,*



*Carla Milligan, Jeffrey Johnston, Winners Circle Homeowners Association, and John and Jane Does 1-20*, Cause No. 7557586.

## Process, Pleadings, and Orders Served on Defendants

2.      True and correct copies of all process, pleadings, and orders served upon These Defendants in the state court action are being filed with this notice as required by 28 U.S.C. §1446(a) and Local Civil Rule ("LR") 81.1, and are attached hereto as Tab Nos. 1 – 17 and are incorporated by reference for all purposes herein.

3.      Pursuant to LR 81.1(a)(3)(A), an index of the non-discovery documents filed in the state court action is attached hereto as Exhibit "A" and is incorporated by reference for all purposes herein.

4.      Pursuant to LR 81.1(a)(3)(B), a certified copy of the docket sheet in the state court action is attached hereto as Exhibit "B" and is incorporated by reference for all purposes herein.

5.      Pursuant to LR 81.1(a)(3)(C), certificates of interested persons for Shamrock Ridge HOA and Shapiro Brown Corporation d/b/a SBB Management Company are attached hereto as Exhibits "C" and "D," respectively, and are incorporated by reference for all purposes herein.

## Commencement of State Court Action

6.      This action was commenced on March 6, 2008, when Plaintiff Todd Hutton filed his original petition in the state action, complaining only of These Defendants. (TAB 1.) In his original petition, Plaintiff Todd Hutton alleged state law defamation causes of action, including libel per quod, libel per se, slander per quod, and slander per se, against These Defendants. *Id.* Plaintiff's defamation claims involve incidents which purportedly

occurred during his tenure as a director of the Shamrock Ridge HOA and as a mayoral candidate for the town of Talty, Texas. *Id.*

7.     These Defendants timely answered Plaintiff Todd Hutton's original petition. (TAB 5.) On May 7, 2009, These Defendants moved for summary judgment on all of Plaintiff's state law defamation claims. (TAB 7.)

### First Receipt of Pleading Asserting Removable Claim Within Federal Court's Original Jurisdiction

8.     On July 20, 2009, two weeks before a rescheduled hearing on These Defendants' Motion for Summary Judgment, Plaintiff Todd Hutton served his First Amended Original Petition on counsel for These Defendants. (TAB 15.) In this amended pleading, Plaintiff Todd Hutton[1] alleges that Shamrock Ridge HOA is a *de facto* governmental unit; that Briney, Lopez, and Lambright, as directors of Shamrock Ridge HOA, acted under color of state law; and that These Defendants deprived Plaintiff, Todd Hutton, of his rights under the First and Fourteenth Amendments of the United States Constitution, in violation of 42 U.S.C. §1983. (TAB 15, ¶¶ 7.3 – 7.7.)

### Timely Notice of Removal

9.     Plaintiff first alleged that the conduct of Defendants Shamrock Ridge HOA, Briney, Lopez and Lambright violated his constitutional rights in his First Amended Original Petition, which was served on July 20, 2009. Accordingly, this Notice of Removal is filed within 30 days of receipt of the initial pleading in which allegations giving rise to a removable claim for relief were made and is timely under 28 U.S.C. §1446(b).

---

[1] Also in this amended petition, Plaintiff Tammy D. Hutton joined this case as a party.

## Statement of Original Jurisdiction

10.    The district courts of the United States have original jurisdiction over this action

based on federal question jurisdiction, in that Plaintiff Todd Hutton has alleged the

deprivation of his rights under the First and Fourteenth Amendments of the United States

Constitution, in violation of 42 U.S.C. §1983. *Cervantez v. Bexar County Civil Serv.*

*Comm'n*, 99 F.3d 730, 733 (5th Cir. 1996) (citing *Leffall v. Dallas Indep. School Dist.*, 28

F.3d 521, 524-25, (5th Cir. 1994)). As the Fifth Circuit observed in *Cervantez*: "[T]here is

no question that section 1983 cases filed in state court may be removed to federal court

because they are cases that could have originally been filed in federal court." In the

instant case, Mr. Hutton has alleged that Shamrock Ridge HOA – as a *de facto*

governmental unit – and three of its defendant-directors, acting under color of state law,

denied Mr. Hutton's freedom of speech and right to equal protection under the law.

11.    Because this action arises under the Constitution, laws, or treaties of the United

States, this Court has original jurisdiction[2] over this cause pursuant to 28 U.S.C. §1331.

*See Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 989 (5th Cir. 1988) ("The question

is not whether the plaintiff *has* a cause of action or remedy, but whether the district court

*may entertain* the suit.") (Emphasis added). Additionally, this Court has supplemental

jurisdiction over Plaintiff's state law claims, as they are so related to the claims within the

Court's original jurisdiction in that Plaintiffs contend these claims form part of the same

claim or controversy. 28 U.S.C. §1367(a). Thus, removal is appropriate under 28 U.S.C.

§1441(a) and (b)

---

[2] While original jurisdiction of this case does not result from diversity of citizenship, 28 U.S.C. §1332, These Defendants note that Plaintiff has asserted a claim against all Defendants in an amount in excess of $75,000.00, to wit: He seeks actual damages of $3 million and exemplary damages of $2 million. (*See* TAB 15.)

## Venue is Proper in the Dallas Division

12.     Under 28 U.S.C. §1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending, as the Dallas Division of the Northern District of Texas encompasses Kaufman County.

## Notice to Adverse Parties and State Court District Clerk

13.     These Defendants, as the removing parties, will promptly give adverse parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. §1446(d).

14.     Further, pursuant to 28 U.S.C. §1446(d), These Defendants will promptly file a copy of this Notice of Removal with the Clerk of the 86th District Court of the State of Texas, Kaufman County, where the action is currently pending.

        WHEREFORE, Shamrock Ridge Homeowners Association, Patrick Briney, Jen Lopez, Jim Lambright, and SBB Management Company, defendants in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. §1446, remove the case styled "Todd W. Hutton and Tammy D. Hutton, Plaintiffs, v. Shamrock Ridge Homeowners Association, Patrick Briney, Jen Lopez, Jim Lambright, SBB Management Company, Rosewood Corporation, Carla Milligan, Jeffrey Johnston, Winners Circle Homeowners Association, and John and Jane Does 1-20," Cause No. 7557586, from the 86th District Court of the State of Texas, Kaufman County, on this 30th day of July, 2009.

Respectfully submitted,

WENTZ & ZAVARELLI, L.L.P.
222 W. Las Colinas Blvd.
Ste. 1346E
Irving, Texas 75039
469.665.9100
469.665.9106 (facsimile)

By: _____
GLYNIS L. ZAVARELLI
State Bar No. 00788743
WADE N. HALLISEY
State Bar No. 24012769

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served on counsel of record this **30th** day of **July, 2009** by the method indicated below:

| *Via CMRRR 7007 0710 0005 0008 8128* | *Via CMRRR 7007 0710 0005 0008 8135* |
|---|---|
| James "Wade" Gent | Todd W. Hutton |
| The Gent Law Frim | 10270 County Rd., #213 |
| Courthouse Square | Forney, Texas 75126 |
| 113 West Mulberry Street | |
| Kaufman, TX, 75142 | |

_____
**GLYNIS L. ZAVARELLI**

6

## Civil Docket

Cause Number: 7557‑86

**Case Type: Accounts, Contracts & Notes**

Todd W. Hutton Vs. Shamrock Ridge
Homeowners Association, Patrick Briney et al

**File Date : 03/06/2008**

Plaintiff Attorney: Todd W. Hutton

Defense Attorney:

| Month | Day | Year | | Orders of the Court |
|---|---|---|---|---|
| 6 | 5 | 09 | M.J continued | |

THE STATE OF TEXAS
COUNTY OF KAUFMAN

I, Sandra Featherston, District Clerk of Kaufman
County, Texas do hereby certify this is a true and
correct copy filed in the records of the Kaufman
County District Clerk's Office. Given under my
hand and seal of said office on this ___ day
of July, 200_.

_____, DISTRICT CLERK
County, Texas

BY_____ DEPUTY

DEFENDANT'S EXHIBIT
6



**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS**

*Dallas Division*

Todd W. Hutton and Tammy D. Hutton
_____
Plaintiff

v.

Shamrock Ridge Homeowners Association, et a
_____
Defendant

Civil Action No. _____

8-09CV1413-0

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
JUL 3 0 2009
CLERK, U.S. DISTRICT COURT
By _____
Deputy

## CERTIFICATE OF INTERESTED PERSONS
(This form also satisfies Fed. R. Civ. P. 7.1)

Pursuant to Fed. R. Civ. P. 7.1 and LR 3.1(c), LR 3.2(e), LR 7.4, LR 81.1(a)(3)(D), and LR 81.2,

Shamrock Ridge Homeowners Association, Inc.

_____

provides the following information:

For a nongovernmental corporate party, the name(s) of its parent corporation and any
publicly held corporation that owns 10% or more of its stock (if none, state "None"):
*Please separate names with a comma. Only text visible within box will print.*

None

A complete list of all persons, associations of persons, firms, partnerships, corporations,
guarantors, insurers, affiliates, parent or subsidiary corporations, or other legal entities that are
financially interested in the outcome of the case:
*Please separate names with a comma. Only text visible within box will print.*

Philadelphia Insurance Company



**DEFENDANT'S
EXHIBIT
C**

| | |
|---|---|
| Date: | Jul 30, 2009 |
| Signature: | *(signature)* |
| Print Name: | Glynis L. Zavarelli |
| Bar Number: | SBOT No. 00788743 |
| Address: | 222 W. Las Colinas Blvd., Ste.1346E |
| City, State, Zip: | Irving, Texas 75039 |
| Telephone: | 469.665.9100 |
| Fax: | 469.665.6106 |
| E-Mail: | gzavarelli@wandzlaw.com |

**NOTE:** To electronically file this document, you will find the event in our Case Management (CM/ECF) system, under Civil/Other Documents/Certificate of Interested Persons

**Index: Non-Discovery Documents Filed in Cause No. 75575-86, *Todd W. Hutton and Tammy D. Hutton v. Shamrock Ridge Homeowners Association, Patrick Briney, Jen Lopez, Jim Lambright, SBB Management Company, Rosewood Corporation, Carla Milligan, Jeffrey Johnston, Winners Circle Homeowners Association, and John and Jane Does 1-20*; In the 86th Judicial District Court, Kaufman County Texas.**

| Tab No. | Date File-Marked By State District Clerk | Description |
|---------|------------------------------------------|-------------|
| 1 | March 6, 2008 | Plaintiff Todd Hutton's Original Petition |
| 2 | March 10, 2008 | Return of Service for Defendant Jim Lambright |
| 3 | March 10, 2008 | Return of Service for Defendant Jen Lopez |
| 4 | March 10, 2008 | Return of Service for Defendant Patrick Briney |
| 5 | March 28, 2008 | Original Answer of Defendants (Shamrock Ridge Homeowners Association, Shapiro Brown Corporation d/b/a SBB Management Company, Patrick Briney, Jen Lopez, and Jim Lambright) |
| 6 | April 23, 2008 | First Amended Answer of Defendants (Shamrock Ridge Homeowners Association, Shapiro Brown Corporation d/b/a SBB Management Company, Patrick Briney, Jen Lopez, and Jim Lambright) |
| 7 | May 7, 2009 | Rule 166a(c) Motion for Summary Judgment and Rule 166a(i) "No- Evidence" Motion for Summary Judgment of Defendants Shamrock Ridge Homeowners Association, Patrick Briney, Jen Lopez, Jim Lambright, and SBB Management Company |
| 8 | May 11, 2009 | Fiat Setting Hearing on Defendants' Motion for Summary Judgment |
| 9 | May 12, 2009 | Notice of Oral Hearing on Defendants' Motion for Summary Judgment |
| 10 | May 26, 2009 | Appearance of Counsel for Plaintiff's Co-counsel |
| 11 | June 3, 2009 | Plaintiff's Motion for Continuance of Hearing on Defendants' Motion for Summary Judgment |
| 12 | June 3, 2009 | Order Setting Hearing on Plaintiff's Motion for Continuance |
| 13 | June 8, 2009 | Amended Notice of Oral Hearing on Defendants' Motion for Summary Judgment |
| 14 | July 17, 2009 | Defendants' Second Amended Answer |
| 15 | July 20, 2009 | Plaintiff's First Amended Original Petition |
| 16 | July 22, 2009 | Return of Service for Carla Milligan |
| 17 | July 22, 2009 | Return of Service for Jeffrey Johnston |
| 18 | N/A | Citation for Winners Circle HOA (no return on file) |



DEFENDANT'S EXHIBIT

A

| 19 | July 28, 2009 | Plaintiff's Response to Defendants' Motion for Summary Judgment |
|----|---------------|----------------------------------------------------------------|
| 20 | July 28, 2009 | Plaintiff's Supp Response to Defendants' Motion for Summary Judgment |
| 21 | July 30, 2009 | Defendants' Third Amended Answer |



CAUSE NO. _75 75 86_

FILED FOR RECORD
KAUFMAN COUNTY
TEXAS

2008 MAR -6 PM 3: 15

SANDRA___ ___STON
BY___ ___ CLERK

_____ DEPUTY

| | | |
|---|---|---|
| TODD W. HUTTON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | IN THE DISTRICT COURT |
| | § | |
| SHAMROCK RIDGE HOMEOWNERS | § | |
| ASSOCIATION, PATRICK BRINEY, | § | |
| JEN LOPEZ, JIM LAMBRIGHT, | § | KAUFMAN COUNTY, TEXAS |
| SBB MANAGEMENT COMPANY, | § | |
| ROSEWOOD CORPORATION, and | § | |
| JOHN and JANE DOES 1-20, | § | |
| | § | |
| Defendants. | § | _86_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

COMES NOW, Todd W. Hutton, Plaintiff in the above-styled suit, complaining of Shamrock

Ridge Homeowners Association ("Shamrock HOA"), Patrick Briney ("Briney"), Jen Lopez

("Lopez"), Jim Lambright ("Lambright"), SBB Management Company ("SBB"), Rosewood

Corporation ("Rosewood"), and John and Jane Does 1-20 (collectively "Defendants"), and files this

Original Petition and in support thereof would show the following:

1.0

## DISCOVERY CONTROL PLAN

1.1    Pursuant to Rule 190.3 of the Texas Rules of Civil Procedure, Todd W. Hutton

hereby notifies the Court that discovery is intended to be conducted pursuant to Discovery Control

Plan Level 2, unless otherwise ordered by the Court. In the event that justice requires additional

discovery, Todd W. Hutton will seek agreement and/or will file appropriate motions with the Court

under Rule 190.4.

03/11/2008 10:18 FAX 2147566338     AURBUS GROUP LLC     @003/015

## 2.0
## PARTIES

2.1     Todd W. Hutton is an individual who at all relevant times resided in Kaufman County, Texas.

2.2     Shamrock Ridge Homeowners Association is a Texas Nonprofit Corporation primarily conducting business in Kaufman County, Texas with its registered office located at 8360 LBJ Freeway, Suite 300, Dallas, Texas 75243, and whose registered agent is Fred Shapiro.

2.3     Patrick Briney is an individual and Director of Shamrock Ridge Homeowners Association whose principal place of residence is at 10034 Leprechaun Lane, Forney, Texas 75126, and who may be served at his residence or at 8360 LBJ Freeway, Suite 300, Dallas, Texas 75243, and whose registered agent is Fred Shapiro.

2.4     Jen Lopez is an individual and Director of Shamrock Ridge Homeowners Association whose principal place of residence is at 13133 St. Orlin Way, Forney, Texas 75126, and who may be served at her residence or at 8360 LBJ Freeway, Suite 300, Dallas, Texas 75243, and whose registered agent is Fred Shapiro.

2.5     Jim Lambright is an individual and President of Shamrock Ridge Homeowners Association whose principal place of residence is at 10567 E. Clover Lane, Forney, Texas 75126, and who may be served at his residence or at 8360 LBJ Freeway, Suite 300, Dallas, Texas 75243, and whose registered agent is Fred Shapiro.

2.6     SBB Management Company is a Texas Corporation with its principal place of business and registered office located at 5728 LBJ Freeway, Suite 300, Dallas, Texas 75240, and whose registered agent is Fred Shapiro.

2.7     Rosewood Corporation is a Texas Corporation with its principal place of business

---

PLAINTIFF'S ORIGINAL PETITION     PAGE 2

located at 500 Crescent Court, Suite 300, Dallas, Texas 75201, and whose registered agent is

Corporation Service Company located at 701 Brazos, Suite 1050, Austin, Texas 78701.

2.8     Does 1-20 will be identified and duly named by amended petition herein.

### 3.0
### JURISDICTION & VENUE

3.1     This Court has jurisdiction as all parties are located in the State of Texas and the

amount in controversy exceeds the jurisdictional limits herein.

3.2     Venue is proper in this County pursuant to Texas Civil Practice & Remedies Code

§15.017 as Kaufman is the County in which the Plaintiff resided at the time the causes of action

accrued.

### 4.0
### FACTUAL BACKGROUND

4.1     Plaintiff is a public-interest litigator who places a premium upon open and honest

dealings in governmental and quasi-governmental affairs. Plaintiff rejects outright any notions of

back-room deals or no-bid contracting when spending other peoples' money from a position of

public trust. Plaintiff currently serves as the Mayor of Talty, Texas.

4.2     In or around May 2005, Plaintiff was newly elected as an Alderman in the Town of

Talty, Texas as well as to the Board of Directors for Shamrock HOA. Soon thereafter, in order to

dilute Plaintiff's voting power as a Director for the Shamrock HOA, the Officers immediately

concocted a scheme whereby they too would "vote" on Shamrock HOA business thereby improperly

raising the number of Director "votes" from five (5) to seven (7).

4.3     In or around February through March 2007, Plaintiff became aware of yet another

scheme whereby the Officers and Directors of Shamrock HOA, lead by Defendant Lopez, secretly

planned to spend approximately $100,000.00 on a non-competitively bid contract to demolish and

---

PLAINTIFF'S ORIGINAL PETITION                                      PAGE 3

rebuild an entrance way to Phases 1-6 of Shamrock HOA.[1]  As a Director residing in the newer

Phase 7, Plaintiff objected to the secret plan as Phases 7-8 of Shamrock HOA had no entrance way

whatsoever. In fairness, Plaintiff believed that the newer dues-paying residents of Shamrock HOA

should have a modest entrance marker – something Plaintiff had been openly requesting since at leas?

October 2006 – before an existing entrance was demolished and rebuilt.

    4.4    Alternatively, Plaintiff argued that Shamrock HOA residents might prefer that a park

be built. Either way, Plaintiff demanded that all Shamrock HOA residents be alerted to the secre?

plan so that they might have a voice in how such a large sum of money, potentially exhausting all

Shamrock HOA reserves, should be spent, if at all.  Plaintiff felt strongly that such a large

"discretionary" expense should be put to a vote of the residents as it had the very real possibility of

resulting in future increases in mandatory dues.

    4.5    Moreover, since Shamrock HOA can foreclose on residents' homes for nonpayment

of dues, a very solemn legal action which Defendant Briney takes a very unnatural joy in unleashing,

Plaintiff demanded those same residents have a say before the entire Shamrock HOA reserves were

spent on such an arguably frivolous project. Plaintiff also demanded that, at a minimum, Shamrock

HOA residents should have a say in the final design of any such project and that competitive bids

should be obtained from licensed contractors.  Defendants Shamrock HOA, Briney, Lopez,

Lambright, and SBB refused Plaintiff's reasonable demands.

---

1 It should be noted that Defendant Lopez suddenly obtained a new wrought-iron fence at the same time she was
entering into no-bid contracts with her hand-picked "Landscape Architect." Also notable is the fact that the
contractor was in fact not a "Landscape Architect" as represented to the residents by Defendant Lambright. *See* the
true and correct copy of Lambright's March 6, 2007, email attached hereto as Exhibit "D" and incorporated herein
by reference. Moreover, landscape architects must be registered by the Texas Board of Architectural Examiners and
adhere to specific standards and criteria set forth in law, including the completion of continuing professional
education every year. And it is against Texas law for any individual to claim to be an architect, landscape architect
or interior designer unless they are registered by the Texas Board of Architectural Examiners Board.

4.6     As a result, Plaintiff set out to inform Shamrock HOA residents of the secret plans.

On March 3, 2007, Plaintiff began emailing Shamrock HOA residents to alert them of the so-called "beautification" plans. Many residents became so outraged at the secret plan that a petition drive was started to block the project and possibly remove some of the Shamrock HOA Officers and Directors from office, ultimately forcing Shamrock HOA to scale the project back.

4.7     This infuriated Defendants Briney and Lopez who, on March 6, 2007, set out on what can only be described as a malicious vendetta as they embarked upon a relentless public campaign of defamatory retaliation and retribution against Plaintiff and his family as pay back for his outing their nefarious back-room dealings.

4.8     Attached hereto as Exhibit "A" and incorporated herein by reference is a true and correct copy of a vulgar and obscene, false, malicious and defamatory email sent by Defendant Briney from Defendant Rosewood's servers[2] to Plaintiff and copied to Defendant Lambright suggesting that Plaintiff should move, accusing Plaintiff of "stir[ring] up trouble" and falsely asserting *inter alia* that Plaintiff "can't get a job to support [his] family" and that Plaintiff "should look in the mirror and see what a miserable fuck [he] really [is]." Defendant Briney went on to say "I pitty [sic] your family and anyone else that knows you."

4.9     When viewed in context of Defendant Briney's reputation for being a temperamental "hot head" with a propensity for violent outbursts to supplement his very basic four-letter-word vocabulary, Defendant Briney's email so alarmed Plaintiff and his family that Plaintiff, as a public official, felt he needed protection when, the very next day, Plaintiff had to appear at Defendant

---

2 Upon information and belief, Defendant Briney has a long and sordid history of using Rosewood's email servers to conduct Shamrock HOA business and engage in malicious, defamatory, personal attacks against Plaintiff and others. Such conduct underscores Briney's malicious activities and creates the implication that a large corporation supports his malicious views. Rosewood is reckless and negligent in allowing such conduct by its employees.

PLAINTIFF'S ORIGINAL PETITION

Lambright's home to attend a "specially" called March 7, 2007, Shamrock HOA meeting[3] regarding the "beautification"[4] project. Plaintiff needed to retrieve documents related to the secret no-bid deal.

4.10    Defendants Shamrock HOA, Briney, Lopez, Lambright and SBB had refused Plaintiff's prior repeated requests that he be provided with the documentation in advance of the special meeting. And having already told Shamrock HOA residents that, as their Director, he would get the documents for them, Plaintiff felt compelled to keep his word. So, in an abundance of caution and in an effort to keep the peace, Plaintiff paid the Town of Talty from his personal funds for one hour of Police protection to oversee his retrieval of said documents from Lambright's home.

4.11    Attached hereto as Exhibits "B" and "C" respectively and incorporated herein by reference are true and correct copies of Defendants Briney and Lopez' false and defamatory "speeches" given at a March 13, 2007, Talty City Council Meeting and falsely and maliciously accusing Plaintiff of *inter alia* abuse of office, being unstable, unethical, unreliable, unhealthy, and ill-motivated. At the meeting, Defendants Briney and Lopez – suddenly feigning "concern" for their community – purported to act in their respective capacities as Directors of Shamrock HOA. In reality, Defendants Briney and Lopez were not "concerned" for Talty, but were continuing their malicious campaign of defamation targeting Plaintiff in relentless retribution for his having "outed" their secret no-bid scheme.

4.12    Similarly, on March 17, 2007, Shamrock HOA and SBB sponsored an "open house" whereby they, acting through their Officers and Directors, embarked upon what can only be described as damage control. For the first time, and bowing to public pressure sparked by Plaintiff,

---

3 As set forth in Exhibit D, Defendant Lambright was quick to email the entire community about the "closed" nature of the meeting in an effort to keep people from showing up to have a say in what was being planned.
4 Now that the new entrance way is in place, Plaintiff has yet to find a single resident who would use the word "beautiful" to describe the project. To be sure, it's a complete and utter eye sore for which Defendants Briney, Lopez, and Lambright and possibly others should be held personally liable.

Shamrock HOA invited residents to Defendant Lambright's home to see the grand "unveiling" of the new entrance plans. Nevertheless, although residents were enticed to Lambright's home to see the as yet secret plans, once they arrived, the public was yet again fed a steady stream of malicious, false and defamatory information by Defendants (with the exception of Rosewood) regarding Plaintiff and his then ongoing Mayoral campaign.

4.13    To this date, Plaintiff is not yet fully aware of the extent of Defendants' malicious defamatory activities, or the extent or identity of all those persons who engaged in the calculated defamatory campaign of retribution against him and his family. Only discovery will uncover the full extent of the malicious and defamatory actions and the exact identity of Does 1-20.

## 5.0
## DEFAMATION

5.1    Plaintiff realleges Paragraphs 1.0 through 4.13, as set forth above, in their entirety herein.

5.2    All conditions precedent to the prosecution of this suit have been performed or have occurred.

5.3    Defendants, jointly and severally, whether intentionally or through negligence or reckless disregard for their responsibilities, did publish statements of fact.

5.4    The statements referred to Plaintiff.

5.5    The statements injured Plaintiff in his occupational and financial standing, falsely charged Plaintiff with criminal conduct, attributed Plaintiff with moral turpitude, dishonesty, professional and business impropriety, bankruptcy and financial impropriety, and disease and natural defect, other "indiscretions"; and did thereby impeach Plaintiff's honesty, integrity, virtue, and

reputation in the community; thereby exposing Plaintiff to public hatred, contempt, ridicule, and financial injury.

5.5     The statements were false, defamatory, defamatory per se, and constitute common law and statutory slander and libel per se, including but not limited to statutory libel under Texas Civil Practice & Remedies Code §73.001, slander and libel per quod, and defamation by innuendo and implication.

5.6     With regard to the truth of the statements, the Defendants acted with actual malice, neglect, and/or are strictly liable without regard to fault.

5.7     Plaintiff and his family have suffered injury as a direct and proximate result of Defendants' actions.

5.8     Plaintiff's injury resulted from Defendants' malicious activities which entitles Plaintiff to exemplary damages.

## 6.0
## JURY DEMAND

6.1     Plaintiff demands a jury trial.

## 7.0
## REQUEST FOR DISCLOSURE

7.1     Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose within 50 days of service of this request the information and material described in Rule 194.2

## 8.0
## PRAYER

7.1     **WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Todd W. Hutton, prays that citation issue and that Defendants be cited and required to appear and answer herein, and that upon final trial hereof, Plaintiff have judgment against Defendants, jointly and severally, for the following

---

PLAINTIFF'S ORIGINAL PETITION

relief:

    a.    Actual damages in the amount of $1,500,000.000;

    b.    Exemplary damages in the amount of $2,000,000.000;

    c.    Pre and post-judgment interest;

    d.    Court costs;

    e.    Attorneys' fees; and

    f.    Such other and further relief, at law or in equity, to which Plaintiff may show himself to be justly entitled.

Dated March 6, 2008
Kaufman County, Texas

Respectfully submitted,

Todd W. Hutton
State Bar No. 24012880
10270 County Road 213
Forney, Texas 75126
Telephone: (214) 797-0808
Facsimile: (972) 552-9484

OF COUNSEL:

Larry Klayman
Fla. Bar No.: 0246220
THE KLAYMAN LAW FIRM, P.A.
3415 SW 24th Street
Miami, FL 33145
305.447.1091 - Tel.
305.447.1548 - Fax

FILE No.232 03/12 '08 13  D:GUARANTY INS.SERVICES      FA:    43 3977      PAGE 11/ 16
03/11/2008 10:18 FAX  214/566338      AUREUS GROUP LLC                    @001/015

PERSONAL CITATION                    CAUSE # 75575-86
THE STATE OF TEXAS

NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation and petition by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."
TO:
**Patrick Briney**
**10034 Leprechaun Lane**
**Forney TX 75126**

Respondent Greetings:

YOU ARE HEREBY COMMANDED to appear before the Honorable 86th District Court, Kaufman County, Texas, by filing a written answer to **Original Petition** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number **75575-86**, styled Todd W. Hutton Vs. Shamrock Ridge Homeowners Association et al, filed in said court on the 6th day of March, 2008. WITNESS, SANDRA FEATHERSTON, District Clerk of Kaufman County, Texas.

Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 7th day of March, 2008.

                                        SANDRA FEATHERSTON
                                        DISTRICT CLERK
                                        100 W Mulberry St
                                        Kaufman, TX 75142

                                        By                                    Deputy
                                          Michelle Hayes

Attorney for Plaintiff:
Todd W. Hutton
10270 County Road 213
Forney TX 75126

Came to hand on the _____ day of _____ _____ at _____ o'clock _____ .M. Executed at _____ within the County of _____ at _____ o'clock _____ .M. on the _____ day of _____ by delivering to the within named _____ a true copy of this citation together with the accompanying copy of the petition having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery. The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

Total fee for serving this citation _____.
To certify which witness my hand officially.

                                    _____
                                    Sheriff / Constable
                                    _____, County, Texas
                                    By: _____, Deputy

•  **Rule 107 Verification:** Subscribed and sworn to by the above named_____before me this the_____ day of _____,20___, to certify which witness my hand and seal of office.

                                    _____
                                    Person Administering Oath

FILE No.232 03/12 '08 13 D:GUARANTY INS.SERVICES FA: 43 3977 PAGE 12/ 16

When are you moving?

Page 1 of 1

## Todd W. Hutton

**From:** Patrick K. Briney [Patrick_Briney@rosewd.com]

**Sent:** Tuesday, March 06, 2007 2:41 PM

**To:** Todd W. Hutton

**Cc:** Jim Lambright

**Subject:** When are you moving?

Todd,

Hope to see you move soon. I love the way you stir up trouble to give you something to do.

I understand that you are miserable and can't get a job to support your family. Maybe you should look in the mirror and see what a miserable fuck you really are.

I doubt you can see it though... Because your just that sad.

I pitty your family and anyone else that knows you.

Have a nice day.

Regards,

Patrick



Notes for 03/13/2007 meeting at the Town of Talty          Submitted by: Patrick Briney

Thank you for the opportunity to speak at the Town of Talty's meeting. I am submitting this document, a neighborhood beautification flyer along with an email sent by the Shamrock Ridge HOA President, to be included and recorded in the town's minutes.

I am a Director of the Shamrock Ridge HOA and have served the HOA in many capacities over the last 7 years.

The Shamrock Board of Directors appointed an independent Beautification Committee made up of local homeowners to plan for the improvement and beautification of all of Shamrock Ridge, parts of which include areas in the Town of Talty. The committee came up with a stellar plan to upgrade and beatify the sub-division as a whole. We are extending an open invitation to all residents of Talty to drop by the Shamrock Ridge President's home located at 10567 E. Clover this Saturday March 17th for an informal meet and greet from 1 P.M. to 4 P.M. to review the master beautification plans and speak with the members of the Beautification Committee and Shamrock Ridge HOA Board.

On a second another topic, I would like to discuss the actions of current Alderman and Mayoral candidate Todd Hutton. Todd showed up at a private HOA meeting with a Talty police officer in uniform in a Talty squad car outside the Town of Talty's jurisdiction. He claimed the officer was there for his personal safety; however the group at the meeting felt the officer was only present there to intimidate us. We believed the officer was on duty because he showed up in full uniform. Since Todd was acting as an HOA board member and not an Alderman, does that mean that any private citizen can hire a Talty police officer for personal security outside the town's jurisdiction? If so can the officer be used in full uniform with gun, badge and squad car? I feel the town should distinguish between private and personal security and make it a policy not to allow the Talty police force to be used for personal security. Private security such as guarding local businesses is beneficial to the Police officers and to the community. Personal security such as the guarding of individual people can easily lead to a conflict of interest and liability concerns.

Perhaps Mr. Hutton should consider hiring a personal bodyguard next time he feels his HOA beliefs will bring him into harm's way rather than dragging the name of Talty into it. So, does the position of Alderman give him the right to speak on behalf of Town of Talty in HOA matters? Using the town's resources as he did blurs the line between Town business and personal business.

We strongly question Mr. Hutton's leadership here at the Town, the HOA, and his personal ethics.

Anyone wanting more information on this or other indiscretions by Todd Hutton should feel free to call me or other Board members for the details. Our numbers can be found on our HOA website at www.shamrockridgehoa.org.

Thank you for your time.



EXHIBIT

B

Good evening!  My name is Jen Lopez and I am an active resident that has lived in Shamrock, phase 6 for over 3 years.

My intent this evening is to make public my concerns with Todd Hutton and his campaign as the next Talty Mayor.  I will be submitting a copy of my remarks tonight and ask that it be recorded into the town's minutes.

Based on my personal experiences with Todd Hutton, I absolutely question his reliability, stability, ethics, and ultimately his motives for campaigning as Talty Mayor.

First of all, I am troubled by Todd Hutton's personal use of the Talty Police Officer on the night of Wednesday, March 7th in the Forney jurisdiction.  I believe Officer West could have been more valuable patrolling the Town of Talty rather than being an escort for Todd Hutton.  I believe Mr. Hutton abused his powers of Town Alderman and I fear for the liberties he may take if voted as the next Talty Mayor!

My next point of concern lies with Todd's dependability and commitment to the Town of Talty.  To the best of my knowledge, Todd is unemployed, his home is for sale, and apparently has had health troubles.  Though I am sympathetic to Todd's personal situation, it is concerning as to how these challenges will affect his abilities as a Mayor.  How can we be so sure Todd will even live in this community in the months to come?  Unfortunately I truly wonder if Todd Hutton sees the candidacy for Mayor as a great resume booster!

My next apprehension of Todd Hutton is a result of a conversation witnessed by several on March 7th.  Mr. Hutton proclaimed as an HOA Director, he is a representative of phases 7 and 8 in our community.  This disappoints me greatly because as a leader and a Shamrock Director, Todd Hutton should be a representative of all homeowners in Shamrock.  So as a resident in this community, I question whether or not Todd Hutton is going to serve the best interests for the entire Town of Talty or just a select group of residents?

And as much as I would like to keep the Shamrock HOA issues separate from the Town of Talty, I believe the trends are very important and ultimately bring serious questions as to his abilities and interests in serving as the Mayor.  Our HOA records show that Mr. Hutton has attended only 2 of the last 11 meetings of the board.  The last board meeting he attended was in November 2006. Some of you may recall an example last fall when Jim Lambright and I attended the Town of Talty meeting for the topic of annexation.  Todd Hutton had no knowledge that I too was a Shamrock HOA Director.  And sadly, despite Todd Hutton's lack of participation, he has not offered to give up his seat.

Considering Todd has not put his best effort into his existing responsibilities as a Shamrock HOA Board Member, I absolutely do not believe he is capable of handling the responsibilities as the next Talty Mayor!  I will make every effort to campaign against the election of Todd Hutton this May, 2007!



EXHIBIT

C

## Todd W. Hutton

**From:**   Shamrock Ridge Homeowners Association [Messenger@AssociationVoice.com]
**Sent:**   Tuesday, March 06, 2007 10:08 AM
**To:**
**Subject:** Wednesday Board Meeting

Residents,

It is my understanding that one of our board members who lives in Phase 7 has been sending emails around to residents in Phases 7 & 8 discussing his personal views on the HOA's plans to make improvements to the landscape in several sections of the neighborhood.

Part of his email describes a called homeowners meeting this Wednesday at my house. This meeting is a specially called board meeting where the Landscape and Beautification Committee is going to present the plans from the Landscape Architect to the board. This is not an open meeting and is not open to the residents of Shamrock Ridge.

I want to make sure everyone hears this from the source and not a particular board member who does not represent the entire board. The fact that the meeting is not open to the residents is not an attempt at secrecy or anything underhanded or devious in nature. Its simply the way HOA board meetings are run in the State of Texas. HOA's are not public entities and are not governed by the Open Meetings rules, like municipal governments and schools. We are a private, not-for-profit corporation. And just like any corporation, board meetings are private meetings.

This fact rubs some people the wrong way. There are those who feel that any decisions that the board makes (especially when voting to spend money) should be open to scrutiny by the homeowners at-large. I understand where this feeling comes from, but its not how HOA's work.

The homeowners at-large vote on the board members. The board runs the HOA. It is the responsibility of the board members to represent the interests of those who brought him/her to office. If they do, then they usually get re-elected. If they don't, they shouldn't get re-elected. This is much like our representative form of government. One of the things that I wanted to point out is that we increased the number of board members a few years ago from 5 to 7 so that more sections of the neighborhood have an opportunity to be represented on the board.

As for the landscaping improvements, I formed a standing committee on the board several months ago in order to address landscaping concerns around the neighborhood. Jen Lopez is the board member in charge of that committee, called the Landscape and Beautification Committee. She and her volunteers have been hard at work this year coming up with a landscaping game plan that carries a theme throughout the entire community, including Blarney Stone and the entrances on CR213 for Phases 6 and 7. The problem that the board faces is the fact that when Shamrock Ridge was developed, no land was set aside by the developer for groomed entrances on Blarney Stone and CR 213. This is a problem we inherited but are trying hard to work around in the new design. Jen and her team think they



EXHIBIT

Page 2 of 2

have a game plan and the meeting on Wednesday will be the first time the board has seen the completed plan. The entrance on FM1641 will receive lots of attention, but I want to make sure everyone understands that Blarney Stone and CR213 will not be ignored.

Once the board is satisfied with the details of the landscaping plan and we approve the plan, we will be sending out information to all homeowners about what the new landscaping will look like. Please trust that the board will spend our money wisely and will look for opportunities to conserve water, reduce plant material, reduce maintenance requirements, at every phase of the project.

If you have any questions, please feel free to direct them my way. I'll be happy to discuss any wishes or concerns that you may have. I promise you that I will give anyone who has a question a straight and honest answer – its the only way I operate. I'd rather you get the straight truth from me than possibly a biased version from others. That's what I get paid the big bucks for! (My salary for the job of HOA President – exactly $0). But I'll be happy to sit in the dunking booth and let people throw balls at me, if it means that I can help Shamrock Ridge continue to be the Best Neighborhood in Forney, Texas!

Jim Lambright
President, Shamrock Ridge HOA
president@shamrockridgehoa.org

Click Manage Profile to unsubscribe from this type of correspondence

PERSONAL CITATION                    **CAUSE # 75575-86**
THE STATE OF TEXAS

     NOTICE TO THE RESPONDENT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:
**Jim Lambright**
**10567 E Clover Lane**
**Forney TX 75126**

Respondent Greetings:

     YOU ARE HEREBY COMMANDED to appear before the Honorable 86th District Court, Kaufman County, Texas, by filing a written answer to **Original Petition** of the Plaintiff at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days from the date of service hereof, a copy of which accompanies the Citation, in Cause Number **75575-86**, styled Todd W. Hutton Vs. Shamrock Ridge Homeowners Association, Patrick Briney et al, filed in said court on the 6th day of March, 2008.
WITNESS, SANDRA FEATHERSTON, District Clerk of Kaufman County, Texas.

     Issued and given under my hand and seal of said Court at Kaufman, Texas, on this the 7th day of March, 2008.

                            SANDRA FEATHERSTON
                            DISTRICT CLERK
                            100 W Mulberry St
                            Kaufman, TX 75142

                            By _Michelle Lopez_ Deputy
                            Michelle Lopez

Attorney for Plaintiff:
Todd W. Hutton
10270 County Road 213
Forney TX 75126

FILED FOR RECORD
KAUFMAN COUNTY TEXAS
2008 MAR 10 PM 12:
SANDRA FEATHERSTON
DISTRICT CLERK

### OFFICER'S RETURN

Came to hand on the _7th_ day of _March_, _2008_, at _5:30_ o'clock _P_ M. Executed at _10567 E Clover ln Forney_, within the County of _Kaufman_ at _5:35_ o'clock _P_ M. on the _7th_ day of _March_, _2008_, by delivering to the within named _Jim Lambright_ a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery. The distance actually traveled by me in serving such process was _____ miles, and my fees are as follows:

     Total fee for serving this citation _____.
     To certify which witness my hand officially.

                        _W. Aaron Stark_
                        Sheriff / Constable
                        _DBA: Stark Process Servers_ County, Texas

                        By _TX SCH000000 2 788 exp: Jan. 8_, Deputy

- **Rule 107 Verification:** Subscribed and sworn to by the above named _W. Aaron Stark_ before me this the _10th_ day of _March_, 20 _08_ to certify which witness my hand and seal of office.

                        _Lisa L Hitt_
                        Person Administering Oath

LISA L. HITT
Notary Public, State of Texas
My Commission Expires
December 01, 2011